**NOTE CHANGES MADE BY COURT**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIMESTONE MEMORY SYSTEMS LLC, <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY, INC., AND MICRON MEMORY JAPAN, INC. <br><br> Defendants. | Case No.: 8:15-cv-00278-DOC-KES <br><br><br> ~~PROPOSED~~ STIPULATED PROTECTIVE ORDER |
| LIMESTONE MEMORY SYSTEMS LLC, <br><br> Plaintiff, <br><br> v. <br><br> DELL INC., <br><br> Defendant. | Case No.: 8:15-cv-00648-DOC-KES |
| LIMESTONE MEMORY SYSTEMS LLC, <br><br> Plaintiff, <br><br> v. <br><br> LENOVO (UNITED STATES) INC. <br><br> Defendant. | Case No.: 8:15-cv-00650-DOC-KES |
| LIMESTONE MEMORY SYSTEMS LLC, <br><br> Plaintiff, <br><br> v. <br><br> HEWLETT-PACKARD COMPANY, <br><br> Defendant. | Case No.: 8:15-cv-00652-DOC-KES |

| | |
|---|---|
| LIMESTONE MEMORY SYSTEMS LLC, | |
| Plaintiff, | Case No.: 8:15-cv-00653-DOC-KES |
| ACER AMERICA CORPORATION. | |
| Defendant. | |
| LIMESTONE MEMORY SYSTEMS LLC, | |
| Plaintiff, | Case No.: 8:15-cv-00654-DOC-KES |
| KINGSTON TECHNOLOGY CO., INC. | |
| Defendant. | |
| LIMESTONE MEMORY SYSTEMS LLC, | |
| Plaintiff, | Case No.: 8:15-cv-00658-DOC-KES |
| OCZ STORAGE SOLUTIONS, INC. | |
| Defendant. | |

# TABLE OF CONTENTS

**Page**

I.   DEFINITIONS ................................................................. 2

II.  TERMS AND CONDITIONS ........................................... 6

    A.   General Limitations On Disclosure And Use Of Designated Material ........................................................................... 6

    B.   Procedure For Designating Materials .................................. 7

    C.   Inadvertent Production ...................................................... 9

    D.   Material Not Covered By This Protective Order .............. 11

    E.   Challenges To Designations .............................................. 11

    F.   Inspection Of Materials .................................................... 13

    G.   Access To CONFIDENTIAL Material ............................. 13

    H.   Access To HIGHLY CONFIDENTIAL Material ............. 14

    I.   Access to RESTRICTED CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY Material ................................. 15

    J.   Access to Circuit Schematic Files ..................................... 21

    K.   Notice of Disclosure .......................................................... 22

    L.   Disclosure of Designated Materials To Other Parties in the Litigation ......................................................................... 24

    M.   Exceptions To Limitations On Disclosure ......................... 25

    N.   Use At Depositions .......................................................... 26

    O.   Prosecution and Acquisition Bar ...................................... 27

    P.   Stipulations Or Additional Relief From The Court ........... 27

    Q.   Return Of Designated Material ........................................ 28

    R.   Injunctive Relief .............................................................. 28

    S.   Survival Of Order ............................................................ 29

    T.   Treatment Prior To Entry Of Protective Order ................. 29

U.  Protected Material Subpoenaed Or Ordered Produced In Other Litigation ..................................................................29

V.  Other Proceedings ..................................................................30

W.  Computation of Time ..............................................................30

X.  Filing Designated Material ......................................................30

Y.  Burden of Proof .......................................................................31

Z.  Discovery Rules Remain Unchanged ....................................31

AA. Use at Trial ..............................................................................32

# **STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Limestone Memory Systems LLC ("Plaintiff"), and Defendants Micron Technology, Inc. ("MTI"), ~~Micron Memory Japan, Inc. ("MMJ"),~~[1] Dell Inc., Hewlett-Packard Company, Kingston Technology Company, Inc., OCZ Storage Solutions, Inc., Acer America Corporation, and Lenovo (United States) Inc. (collectively, "the Parties") have stipulated and agreed to the terms and entry of, and the Court hereby orders the Parties to abide by, this Protective Order. This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Information subject to this Protective Order may be used only for the purposes of a lawsuit governed by this Protective Order. Unless modified pursuant to the terms contained in this Protective Order or by a subsequent Protective Order, this Protective Order shall remain in effect through the conclusion of each lawsuit governed by this Protective Order.

In support of this Order, the Parties allege that this action may involve trade secrets and other valuable commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecuting this action is warranted. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery Materials, to adequately protect information the Parties are entitled to keep confidential, and to ensure that the Parties are permitted reasonably necessary uses of such Materials in preparation for and in the conduct of trial, pursuant to Federal Rule of Civil Procedure 26(c), and for good cause shown,

IT IS HEREBY ORDERED THAT:

---

[1] ~~MMJ's response to Plaintiff's Second Amended Complaint is not due until July 5, 2018. MMJ's agreement to abide by the terms of this Protective Order is without waiver of any defenses, including any defenses under Fed. R. Civ. P. 12(b). All such defenses are reserved.~~

# I.    DEFINITIONS

A.    "Party": any Party to an action governed by this Protective Order, including all of its officers, directors, employees, and Outside Counsel (and their support staffs).

B.    "Material": all information, documents, items and things produced, served or otherwise provided in this action (whether paper, electronic, tangible, or otherwise) by the Parties or by non-parties.

C.    "Producing Party": a Party or non-party that produces Material in this action.

D.    "Receiving Party": a Party that receives Material from a Producing Party.

E.    "Circuit Schematic Files": A computer file or document containing a graphical representation of an integrated circuit that shows the connections between the various components of the circuit. Circuit Schematic Files include complete hierarchical printouts (e.g., in PDF format) of schematic and logical netlist views that are used for abstract level simulation, but not for device fabrication. Circuit Schematic Files do not include Physical Design Files.

F.    "Physical Design Files": A computer file or document that shows the physical arrangement of the components of the integrated circuit, also called the circuit layout. Physical Design Files are typically the final output product of integrated circuit design that is used by a foundry to fabricate an integrated circuit. Physical Design Files may include, for example, GDS (Graphic Database System), GDSII stream format, DEF (Design Exchange Format), and LEF (Library Exchange Format) files, but do not include Circuit Schematic Files.

G.    "HDL Source Code'': A computer file or files that contain electronic hardware descriptions in a hardware description language, such as Verilog or VHDL. HDL Source Code refers only to native electronic files that are in a human readable

format suitable for input to an assembler, compiler, interpreter, synthesis tool, or other translator.

H.     "Source Code": Computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and HDL Source Code or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.

I.     "Source Code Material": All Source Code, HDL Source Code, and Physical Design Files.

J.     "CONFIDENTIAL" Material: Material the Designating Party believes in good faith is not generally known to others, and that the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy, or (iii) believes in good faith to constitute or to contain confidential and/or proprietary information not otherwise known or available to the public. Any party may use the "CONFIDENTIAL" designation only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information and/or Materials could be potentially harmful to the business or operations of the party.

K.     "HIGHLY CONFIDENTIAL" Material: Material the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy, or (iii) believes in good faith constitutes proprietary financial, research, development, technical, or commercially sensitive competitive information that the Producing Party

maintains as highly confidential in its business or the disclosure of which is likely to cause harm to the competitive position of the Producing Party.

L. "RESTRICTED CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" Material: Material constituting Source Code Material as produced pursuant to Section II.I below or as incorporated into, for example, documents, answers to interrogatories, technical expert reports, or deposition testimony. RESTRICTED CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY Material shall include all Material referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing.

M. "Designating Party": a Party or non-party that designates Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

N. "Designated Material" or "Designated Materials": Material or Materials that is/are designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

O. "Financial Material": HIGHLY CONFIDENTIAL Material that comprises proprietary financial or commercial information. Financial Material shall include without limitation, commercial agreements, licenses, and documents reflecting revenue, sales, profits, and/or costs.

P. "Involved In The Prosecution Of Patents Or Patent Applications": participation in any way on behalf of a patent owner/patent applicant or other person or entity having ownership or license in a patent or in a patent or reissue application, in:

(i) drafting, reviewing prior to filing, approving, or prosecuting any portion (e.g., any claim, any figure, or any specification language) of a patent application (including, but not limited to, provisional, non-provisional, original, continuation, continuation-in-part, divisional, reissue, and/or continued prosecution applications),

1  (ii) assisting in drafting, amending or proposing for substitution patent claims in any
2  post-grant proceeding, including without limitation, reexamination, *inter partes*
3  review, covered business method review, or reissue proceedings on behalf of a
4  patentee before the United States Patent and Trademark Office (which, for clarity,
5  includes the Patent Trial and Appeal Board) or any foreign agency responsible for
6  examining or issuing patents. This definition is not intended to: (1) prohibit sending
7  non-confidential prior art to an attorney involved in patent prosecution for purposes
8  of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office
9  (or any similar agency of a foreign government) to assist a patent applicant in
10  complying with its duty of candor, or (2) prohibit any attorney of record in this
11  litigation from discussing any aspect of this case that is reasonably necessary for the
12  prosecution or defense of any claim or counterclaim in this litigation with his/her
13  client.

14      Q.    "Involved In The Acquisition of Patents or Patent Rights": participation
15  in any way in the pre-acquisition evaluation or selection of patents or patent
16  applications on behalf of a person or entity in connection with a potential acquisition
17  of ownership or other rights involving the right to enforce such patents or patent
18  applications or to license them to third parties.

19      R.    "Outside Counsel": attorneys (including litigation and clerical support
20  staff) who are not employees, directors, or officers of a Party or a Party's parents,
21  affiliates, or subsidiaries but who are counsel of record for a Party.

22      S.    "Outside Consultant": a person with specialized knowledge or
23  experience in a matter pertinent to this action who has been retained by a Party or its
24  Outside Counsel to serve as an expert witness or as a consultant in this action, who is
25  not a current employee of a Party.

26      T.    "Privileged Material": a document, tangible item or electronically stored
27  information that is privileged, protected by the work product doctrine, or subject to
28  some other immunity from disclosure.

U.    "Technology At Issue": DRAM Technology directly related to redundancy circuitry or input buffer circuitry.

## II.    TERMS AND CONDITIONS

### A.    General Limitations On Disclosure And Use Of Designated Material

(a)    Designated Material and the substance and content thereof, including any copies, notes, memoranda, summaries, excerpts, compilations, or other similar documents relating thereto, shall be used by a Receiving Party solely for the purpose of the litigations governed by this Protective Order and not for any other purpose, including, without limitation, other litigation, any business or commercial purpose, or dissemination to the media or public. Except for the Court and court personnel, any person in possession of Designated Material shall exercise reasonably appropriate care with regard to the storage, custody, or use of such Designated Material in order to ensure that the confidential nature of the Designated Material is maintained. If Designated Material is disclosed or comes into the possession of any person other than in the manner authorized by this Protective Order, any Party having knowledge of the disclosure must immediately inform the Producing Party and, if not the same person or entity, the Designating Party.  Except for Designated Material in the possession of the Court or court personnel, Designated Material received by Receiving Parties must be stored and maintained at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Notwithstanding the above, where a deponent is provided outside of the United States, the Receiving Party may transport Designated Materials to and from the location of the depositions. To ensure compliance with applicable United States Export Administration Regulations, the Producing Party will designate which documents are subject to this regulation by affixing the label - "Subject to United States Export Administration Regulation" - in a manner consistent with Section II.B below. Material designated as such may not be exported outside the United States or

released to any foreign national (even if within the United States), without the express consent of the Producing Party.

**B.    Procedure For Designating Materials**

(a)    <u>Documents and Other Tangible Materials</u>. The designation of Material in the form of documents, discovery responses, or other tangible materials (other than depositions or other pre-trial testimony) shall be made by the Designating Party by conspicuously affixing (physically or electronically) the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" on each page containing information to which the designation applies (or in the case of computer medium, on the medium label and/or cover). To the extent practical, the legend shall be placed near the Bates number identifying the Material. If a document has more than one designation, the more restrictive or higher designation applies. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by providing notice to the recipient in the email, or shall use any other reasonable method for so designating Designated Materials produced in electronic format. When native electronic files or documents are printed, in total or in part, for use at deposition, in a court proceeding, or for provision in printed form to an Outside Consultant pre-approved pursuant to Section II.K., the Party printing the documents shall affix the original production number and confidentiality designation to every page of the document.  No native file or document shall be printed or converted and used in this litigation for any purpose without including the original production number and confidentiality designation.

(b)    <u>Non-tangible Materials</u>. All Designated Materials that are not reduced to documentary, tangible, or physical form or that cannot be conveniently

designated in the manner set forth in Section II.B(a) above shall be designated by the Designating Party by informing the Receiving Party in writing.

(c)     <u>Deposition Testimony and Transcripts</u>. Any Party may designate "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Material that is disclosed at a deposition by indicating on the record at the deposition that the testimony is "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" and is subject to the provisions of this Protective Order. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order.  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Designated Material based on the designation of such Designated Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Designated Material. Any Party may also designate Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" by notifying the court reporter and all of the parties, in writing within fourteen (14) days after receipt of the final deposition transcript, of the specific pages and lines of the final transcript that should be treated thereafter as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."  Unless previously designated in accordance with this Protective Order, all deposition transcripts shall be treated as "HIGHLY CONFIDENTIAL" for a period of fourteen (14) days after the receipt of the transcript.

(d)   <u>Non-party Designations</u>.   Non-parties who produce Material in this action may avail themselves of the provisions of this Protective Order, and such Material produced by non-parties shall be treated by the Parties in conformance with this Protective Order.  A non-party's use of this Protective Order for production of its Material does not entitle that non-party to have access to Material produced by any other Party in this action.

**C.   Inadvertent Production**

(a)   <u>Inadvertent Failures to Properly Designate</u>.  If a Party or non-party inadvertently produces Material without labeling or otherwise designating it in accordance with the provisions of this Protective Order, the Party or non-party may give written notice to the Receiving Party that the Material produced is designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" and should be treated as such in accordance with the provisions of this Protective Order.  The Receiving Party must treat such Material according to its most recent designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" from the date such notice is received.  If, before receiving such notice, the Receiving Party disclosed such Material to recipients who are not qualified to receive it under the most recent designation, the Receiving Party shall inform the Designating Party of such disclosure, including the identity of those persons to whom such disclosure was made, and make reasonable efforts to retrieve the information promptly from such persons and make reasonable efforts to limit any further disclosure to unauthorized persons. Inadvertent or unintentional production of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Material that is not so designated shall not be deemed a waiver in whole or in part of a claim for treatment as "CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL," or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

        (b)   <u>No Waiver of Privilege</u>. The Parties agree to the following procedure in the event that Privileged Material is inadvertently produced:

        (1)   A Producing Party that believes it has inadvertently produced Privileged Material shall have the right to request that the Material be returned;

        (2)   The Producing Party shall specify in writing the Bates number of the document inadvertently produced and the basis of the privilege, doctrine, or immunity being asserted. Within seven (7) days of notifying the Receiving Party, the Producing Party will produce a privilege log listing the inadvertently produced document(s).

        (3)   Upon receipt of the privilege log, the Receiving Party in possession of the Privileged Material shall destroy or return to the Producing Party any such Materials within ~~five~~ seven (7) days, except for one copy that may be used solely for the purpose of challenging the privilege of mistaken production.  Such return or confirmation of destruction shall not preclude the Receiving Party from seeking to compel production of the materials within twenty-eight (28) days of receiving the privilege log or at such other time as the Parties agree to in writing, and shall not constitute an admission by the Receiving Party that the materials were, in fact, privileged or otherwise protected in any way. The Producing Party shall retain the Privileged Material for submission to the ~~Court~~ <u>Discovery Master</u> in the event the Receiving Party moves to compel. Any motion shall be in strict compliance with the Procedure for Handling Discovery Disputes before the Discovery Master. *See* Dkt. ~~57~~ 28.  Summaries of inadvertently produced documents shall be destroyed by the Receiving Party within twenty-eight (28) days of receiving the privilege log if a motion to compel is not brought or is denied, whichever is later.

(4)    If inadvertently produced privileged Material is used during a deposition, used as an exhibit to a pleading filed with the Court, or identified for use at trial or otherwise disclosed to the Court, the Producing Party has two (2) weeks from the date of disclosure to provide notice of the inadvertent production. Notwithstanding any other provision of this Order, failure to provide notice within this two (2) week period shall constitute a waiver of any applicable privileges or immunities with respect to the inadvertently produced privileged Material only, and shall not be construed as a general waiver of any applicable privilege or immunity with respect to the subject matter disclosed therein.

**D.    Material Not Covered By This Protective Order**

No Material shall be deemed Designated Material if:

(a)    it is in the public domain at the time of disclosure;

(b)    it becomes part of the public domain as a result of publication not involving a violation of this Protective Order;

(c)    the Receiving Party can show it was in the Receiving Party's rightful and lawful possession at the time of disclosure; or

(d)    the Receiving Party lawfully received it from a non-party without restriction as to disclosure, provided such non-party has the right to make the disclosure to the Receiving Party.

**E.    Challenges To Designations**

(a)    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those documents or items that qualify, such that for example, an email or attachment that is otherwise associated or linked with the Designated Material, but that does not itself qualify for the same level of designation shall be designated

separately. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

(b) <u>Written Notice</u>. A Party shall not be obligated to challenge the propriety of any designation of Material under this Protective Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. If the Receiving Party disagrees with the designation of any Material, the Receiving Party may challenge such designation by providing the Outside Counsel for the Designating Party with written notice of such challenge, which identifies the Material as specifically as possible, and the grounds for the objection.

(c) <u>Meet and Confer</u>. Within seven (7) days of receiving written notice from the Receiving Party that it is challenging the designation of certain Material, the Producing Party must explain the basis for its belief that the confidentiality designation was proper. If the Receiving Party continues to believe that the basis for the confidentiality designation is improper, the Receiving Party may file a motion with the Discovery Master. *See* Dkt. ~~57~~ 28. The Challenged Material will be afforded <u>by the parties</u> the designated protection by the Producing Party until such time as the Discovery Master rules on the Receiving Party's motion.

(d) <u>Judicial Intervention</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Discovery Master rules on the challenge, or until the Designating Party withdraws such designation in writing, all Parties shall continue to afford the Material in question the level of protection to which it is entitled under the Designating Party's designation. The

Parties' entry into this Protective Order shall not preclude or prejudice any party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

### F. Inspection Of Materials

Material made available for inspection by Outside Counsel for the Receiving Party shall initially be considered to be HIGHLY CONFIDENTIAL and subject to this Protective Order even though no formal designation has yet been made. Thereafter, the Producing Party shall have ten (10) days to review and designate the inspected Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" prior to furnishing copies to the Receiving Party.

### G. Access To CONFIDENTIAL Material

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, CONFIDENTIAL Material shall not be disclosed, directly or indirectly, to anyone except the following:

    (a)    The Court, jury, and court personnel;

    (b)    Court reporters, stenographers and videographers retained to record testimony in these actions;

    (c)    Graphics, translation, design and/or trial consulting personnel who have signed Exhibit A, thereby declaring that he or she has read and understands this Protective Order and agrees to be bound by its provisions;

    (d)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

    (e)    Any other person with the prior written consent of the Producing Party.

(f)     The Receiving Party's Outside Consultants, subject to the provisions and limitations set forth in Section II.K. herein, provided however, that (i) such Outside Consultant is not a current officer, director, or employee of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party; and (ii) such Outside Consultant accesses materials affixed with the label "Subject to United States Export Administration Regulation" in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (iii) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section II.K. below;

(g)     The Receiving Party's Outside Counsel whose functions require access to CONFIDENTIAL Material;

(h)     Materials Designated CONFIDENTIAL may also be disclosed to two (2) in-house counsel of the Receiving Party or its affiliates, who are members of at least one state bar in good standing (or a foreign equivalent thereof), whose functions require access to CONFIDENTIAL material. No CONFIDENTIAL Material shall be disclosed to a Party employee, officer, or director until the individual has signed Exhibit A, thereby declaring that he or she has read and understands this Protective Order and agrees to be bound by its provisions.  Such written agreement shall be retained by counsel for the Receiving Party and a copy provided to the Producing Party seven (7) days prior to such disclosure;

(i)     Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose CONFIDENTIAL Material and to keep any information concerning CONFIDENTIAL Material confidential.

## H.     Access To HIGHLY CONFIDENTIAL Material

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, HIGHLY CONFIDENTIAL Material shall not be disclosed, directly or indirectly, to anyone except the following:

(a)    The persons identified in Section II.G.a - II.G.f

(b)    The Receiving Party's Outside Counsel whose functions require access to HIGHLY CONFIDENTIAL material;

**I.    Access to RESTRICTED CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY Material**

Documents or things designated RESTRICTED CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY shall be provided the following further protections:

(a)    A Producing Party may designate Source Code Materials as RESTRICTED CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY if they comprise or include confidential, proprietary, and/or trade secret Source Code Material.

(b)    Nothing in this Order shall be construed as a representation or admission that any Source Code Material are properly discoverable in this action, or to obligate any Party to produce any Source Code Material.

(c)    The provisions in this section ("Access to RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY Material") apply to Material produced by Defendant MTI only, and not to any other Defendant. To the extent Plaintiff seeks Source Code Material from other Defendants, the Plaintiff and the other Defendant from whom discovery is sought will separately address the rules and procedures applying to that Source Code Material. Nothing in this Protective Order shall require any other Defendant to produce Source Code Material or otherwise waive any objections to such production.

(d)    Unless otherwise ordered by the Court or permitted in writing by Parties, the RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY Material shall be subject to the provisions set forth in Section II.K. below and may only be disclosed, directly or indirectly, subject to Section II.K. solely as below:

(1)    The persons identified in Section II.G.a - II.G.e

(2)     The Receiving Party's Outside Consultants, subject to the provisions and limitations set forth in Section II.K. herein, provided however, that (i) such Outside Consultant is not a current officer, director, or employee of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party; (ii) such Outside Consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (iii) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section II.K. below. Without the express prior written consent of the Defendant that produced the Designated Material, no expert or consultant retained by a Defendant in this matter shall have access to RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material produced by another Defendant in this matter;

(3)     The Receiving Party's Outside Counsel whose functions require access to RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material;

(e)     Further, Materials designated as RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY shall be subject to additional protections, unless otherwise advised by the Producing Party.

(f)     All RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY Material shall be made available by the Producing Party in the ordinary course of business in which the Material is viewed and stored to the Receiving Party's Outside Counsel and/or Outside Consultants subject to the restrictions set forth herein, who have been approved according to Section II.K., in a secure room on a secured computer without Internet access or network access to other computers and with all input/output ports (such as USB) blocked, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY Material outside or away from the computer on which the RESTRICTED

CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY Material is provided for inspection (the "Secure Computer"). The Secure Computer will be located at MTI's facilities in Boise, Idaho. A Producing Party employee shall operate the Secure Computer at the direction of Receiving Party's Outside Counsel and/or Outside Consultants to facilitate the review. The Receiving Party's Outside Counsel and/or Outside Consultants shall only direct the Producing Party employee to review materials within the scope of the Technology At Issue. Only a Producing Party employee is permitted to operate the Secure Computer. After the Secure Computer has been prepared and provided to the Receiving Party, the Producing Party shall thereafter provide access to the Secure Computer during regular business hours on reasonable notice provided in writing by the Receiving Party (which shall be no less than at least 7 business days notice), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times. Producing Party will not unduly object to Receiving Party's request for inspections without good cause. Receiving Party will not request an unreasonable number of inspections or inspections of an unreasonable length. This written notice from the Receiving Party shall identify in writing to the Producing Party the persons who will be conducting the inspection or will be present during the inspection. Inspections and access to the Secure Computer shall be permitted up until the last expert report is filed as required by the Court's Scheduling Order, unless Receiving Party can demonstrate good cause. The Producing Party shall install software tools that are sufficient for viewing and searching the Material on the Secure Computer. In addition, the Receiving Party shall not be permitted to bring electronic devices, including but not limited to hard drives, cellular phones, PDAs, cameras, and voice recorders, into the location of the Secure Computer with the following exception: the Receiving Party may bring paper and writing instruments into the location of the Secure Computer for the purpose of taking notes. Any such notes shall be governed by paragraph (g) of Section II.I. below.

Except as provided here and in Section II.I., no electronic copies of RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY Material shall be made.

(g)     The Receiving Party's Outside Counsel, and/or Outside Consultants approved according to Section II.K., shall be entitled to take notes relating to the RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY Material. These notes shall be limited to that which is reasonably necessary to facilitate the Receiving Party's furtherance of its claims and defenses in this case and may not be used as an attempt to circumvent the printing restrictions below.  The Receiving Party must label any such notes "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" on each page.  There shall be no electronic transmission of the notes.

(h)     Under no circumstances are printouts or copies of RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY Material to be made except by the Producing Party, except with respect to paragraph (i) below.  At the request of the Receiving Party, the Producing Party shall provide paper copies ("Original Printouts") of portions of the materials on the Secure Computer that is requested by the Receiving Party and is reasonably necessary to facilitate the Receiving Party's preparation of court filings, expert reports, and trial exhibits.

(i)     The Producing Party shall Bates number, copy, and label "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Material on any Original Printouts. If the Producing Party objects that the portions requested to be printed are excessive and/or not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within five (5) days. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a resolution from the Discovery Master of whether the print request is reasonably necessary to any case preparation activity as provided herein.  Within seven (7) days of meeting and conferring, Producing Party shall file a motion with

the Discovery Master in strict compliance with the Procedure for Handling Discovery Disputes before the Discovery Master, as agreed to by the Parties. *See* Dkt. ~~57~~ 28. Until the objection is resolved, the Producing Party shall not be obligated to produce the Original Printouts. In the absence of any objection, or upon resolution of any such dispute, the Producing Party shall provide via overnight mail one copy set of such Original Printouts to the Receiving Party within seven (7) days. The Original Printouts shall constitute part of the RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY Material produced by the Producing Party in this action.

(j) Unless otherwise agreed in advance by the Parties in writing, the Receiving Party's Outside Counsel and/or Outside Consultants who have been approved according to Section II.K. shall remove all notes, documents, laptops, and all other materials from the room that may contain work product and/or attorney-client privileged information at the end of each day. The Producing Party shall not be responsible for any items left in the review room.

(k) Other than as provided herein, the Receiving Party will not copy, remove, or otherwise transfer any RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY Material from the Secure Computer including, without limitation, copying, removing, or transferring the Material onto any other computers or peripheral equipment. The Receiving Party will not electronically transmit any RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY Material in any way from the Producing Party's facilities or the offices of its Outside Counsel of record. This provision does not prevent the Parties from including RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY Material in filings with the Court made under seal.

(l) The Receiving Party's Outside Counsel of record may make no more than five (5) additional paper copies of any portions of the Original Printouts of RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY Material received from a Producing Party pursuant to Section II.I., not including copies

attached to court filings or used at depositions. The Receiving Party's Outside Counsel of record shall maintain a complete log of Bates numbers of printed RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY Material that lists the individuals who have reviewed and/or received paper copies of such Material, including the Bates number(s) of the copy and when it was provided to that person. The Producing Party may request such log after providing a written statement setting forth a good faith belief that certain provisions of this Protective Order have been, or will be, violated. In addition, any outside experts or consultants of the Receiving Party with access to RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY Material shall not make any use of the Material for any purpose other than this action.

(m) The Receiving Party's Outside Counsel of record and any person receiving a copy of any RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY Material (excluding the Court and court personnel) shall maintain and store any paper copies of the Material at their offices in a manner that prevents duplication of or unauthorized access to the Material, including, without limitation, storing the Material in a locked room or cabinet at all times when it is not in use.

(n) All paper copies of RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material shall be securely destroyed in a timely manner if they are no longer in use (e.g., at the conclusion of a deposition). Copies of any such Material that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. If the deposition exhibit has been marked up or altered in any way by the deponent, the Receiving Party shall store the exhibit in the same way paper copies of the RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY Material are stored.

(o) Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic

images, or any other images, or make electronic copies, of the RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY Material from any paper copy of Material for use in any manner (including by way of example only, the Receiving Party may not scan the Material to a PDF or photograph the Material). Paper copies of the Original Printouts also may not be converted into an electronic document, and may not be scanned using optical character recognition ("OCR") technology. However, a Receiving Party may make and use images of portions of the Material if reasonably necessary for court filings, expert reports, discovery responses, and other similar documents.

(p)     Except for what is necessary for court filings, a Receiving Party shall not transmit RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY Material or any summaries of such documents that are in electronic form (e.g., PDF, TIFF, Word, Excel files) outside of the Receiving Party (e.g., in e-mail traveling on the Internet) unless the documents are encrypted or transferred in a secure manner such as SFTP.

### J.     Access to Circuit Schematic Files

Circuit Schematic Files are subject to the following provisions:

(a)     Documents containing, relating to, or discussing Circuit Schematic Files are not considered Source Code and will not be treated as such.

(b)     Circuit Schematic Files will be marked as Highly Confidential and will be accessed by individuals that are allowed to access Highly Confidential Material, as set forth above in II.H.

(c)     Although Circuit Schematic Files are not Source Code, in order to inspect Circuit Schematic Files, the Receiving Party will follow the procedures set forth above in Section II.I.(f) above.

(d)     After viewing the Circuit Schematic Files in the manner described in Section II.I.(f), the Receiving Party will designate the Circuit Schematic Files to

be printed. The Producing Party will then provide electronic PDFs of the designated Circuit Schematic Files within ten (10) days.

**K.    Notice of Disclosure**

(a)    <u>Consent to be Bound by PROTECTIVE ORDER</u>. Access by an Outside Consultant (referenced below as "Person") to Designated Material shall be subject to the terms in this section, including the notice-and-objection provisions below, and the requirement that the Person sign the Consent to be Bound by Protective Order (Exhibit A).  The original Consent to be Bound by Protective Order shall be retained by Outside Counsel for the Party that retained the Person, and a copy shall be provided to the Producing Party.

(b)    <u>Written Notice</u>. Before a Receiving Party may disclose, directly or indirectly, any Designated Material to an Outside Consultant, the Receiving Party must give written notice to the Producing Party of the following information as it relates to the Outside Consultant:

(1)    current curriculum vitae, including the full name of the individual and the city and state of his or her primary residence;

(2)    business address and title;

(3)    the individual's current employer;

(4)    any previous or current relationship (personal or professional) with any of the Parties or prior assignees of any of the asserted patents;

(5)    a listing of other actions (including case name, case number, and court/agency) in which the individual has testified (at trial, deposition or in a hearing) in the last five (5) years;

(6)    an identification of all of the Person's past and current employment and consulting relationships in the last 10 years, including direct relationships and relationships through entities owned or controlled by the Person, including but not limited to an identification of any individual or entity with or for

whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of DRAM technology, or relating to the acquisition of intellectual property assets relating to DRAM technology; a listing of all publications written by the individual for the past ten (10) years.

(7)     nature of business or profession;

(8)     an identification of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims;

(9)     a signed copy of the Person's Consent to be Bound by Protective Order (Exhibit A).  A separate Consent to be Bound by Protective Order shall not be required for staff members working under the supervision of an individual signing Exhibit A. An individual signing Exhibit A, however, shall accept full responsibility for taking measures to ensure that staff members working under his or her supervision comply with terms of this Protective Order.

(c)     Objection. A Party that makes a written notice and provides the information specified in Section II.K(b) may disclose the Designated Material to the identified Person unless, within ten (10) days of the written notice, the Producing Party objects in writing, for good cause, and provides a detailed grounds for its objection. For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Designated Materials in a way or ways that are inconsistent with the provisions contained in this Order, and provide specific reasons for its concern.  If relief is sought, Designated Materials shall not be disclosed to the Person in question until the Discovery Master resolves the objection.

(d)  <u>Judicial Intervention</u>. If an objection is made, the Parties shall meet and confer to try to resolve the dispute by agreement.  If no agreement is reached, the objecting Party may, within five (5) days of the objection, move the ~~Court~~ <u>Discovery Master</u> for an order that access to the CONFIDENTIAL, HIGHLY CONFIDENTIAL, or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY Material be denied to the designated individual, or other appropriate relief in strict compliance with the Procedure for Handling Discovery Disputes before the Discovery Master.  *See* Dkt. ~~57~~ <u>28</u>.  Unless and until the Discovery Master determines otherwise, no disclosure of any such Designated Material shall be made by the Receiving Party to any Outside Consultant to whom an objection has been made. However, if the objecting Party does not move for relief within five (5) days of the objection, the Receiving Party may disclose the Designated Material to the Person.

**L.  Disclosure of Designated Materials To Other Parties in the Litigation**

(a)  Upon request of any of the Defendants in the Related Cases, a Defendant, in its discretion, may provide a copy of the Defendant's Designated Material to such requesting Defendant. The requesting Defendant shall treat these materials as if designated HIGHLY CONFIDENTIAL, but in no event can these materials be shared with in-house counsel or any other employee of the requesting Defendant. Upon request of any of the Defendants in the Related Cases, a Defendant, in its discretion, may provide access to Materials designated by said Defendant as RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY, if the material is necessary to the requesting Defendant's claim or defense and the request can be reasonably accommodated in good faith. The requesting Defendant shall treat these materials as if designated RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY, but in no event can these materials be shared with in-house counsel or any other employee of the Requesting Party.

(b)     Plaintiff may provide MTI's Designated Material (excluding Financial Material) designated CONFIDENTIAL or HIGHLY CONFIDENTIAL to another Defendant (the "Receiving Defendant") if the material is relevant to the Plaintiff's or Receiving Defendant's claim or defense.  The Receiving Defendant shall treat these materials as if designated HIGHLY CONFIDENTIAL, but in no event can these materials be shared with in-house counsel or any other employee of the Receiving Defendant.  Plaintiff shall not provide MTI's Financial Material to another Defendant.

(c)     Upon request by Plaintiff to provide MTI's Designated Material (excluding Financial Material) designated RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY to another Defendant (the "Receiving Defendant"), Plaintiff and MTI shall meet and confer to determine a reasonable portion of the Designated Materials to be provided to the Receiving Defendant.  The Receiving Defendant shall treat these materials as designated RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY but in no event can these materials be shared with in-house counsel or any other employee of the Requesting Party.

(d)     A Defendant shall not provide a Producing Party's Materials to another Party without the consent of the Producing Party.  Except as expressly stated above, no Defendant is required to produce its Designated Material to any other Defendant or Defendants, but nothing in this Order shall preclude such production.

## M.     Exceptions To Limitations On Disclosure

Nothing herein shall prevent disclosure of Designated Material: (a) by the Producing Party to anyone else the Producing Party deems appropriate; (b) by the Receiving Party to an officer or employee of the Producing Party; (c) by a Party to any person, whether or not affiliated with the Producing Party at the time of disclosure, who either authored the Designated Material, in whole or in part, or who

has independently received the Designated Material other than through a means constituting a breach of this Protective Order or inadvertent disclosure; or (d) to any person who is reasonably identified as previously having had access to the Designated Material. In the event that a Producing Party alleges that a person received the Designated Material through a means constituting a breach of this Protective Order or inadvertent disclosure, the Producing Party shall provide: (i) specific facts relating to its allegation of the breach or inadvertent disclosure, (ii) the dates when the Producing Party learned of the breach or inadvertent disclosure, and (ii) the steps the Producing Party took to mediate the breach or inadvertent disclosure.

## N. Use At Depositions

Except as may be otherwise ordered by the Court or Discovery Master, any person may be examined as a witness at depositions and trial and may testify concerning all Designated Material of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

(a) A former director or officer, and/or employee of a Producing Party may be examined and may testify concerning all Designated Material which has been produced by that party;

(b) Non-parties that do not fall into section (a) above may be examined or testify concerning any document containing Designated Material of a Producing Party which appears on its face or from other documents or testimony to have originated from the non-party or to have been communicated to the non-party by the Producing Party.

(c) Nothing in the above provisions shall act as a waiver to a party's right to object to the use of the Designated Material or to questions regarding or relating to the Designated Material.

(d) Notwithstanding any other provision of this Order, a party, present employee of a party, or expert or consultant of a party may be examined and may

testify concerning all "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information produced by that party.

### O.  Prosecution and Acquisition Bar

Any Material designated HIGHLY CONFIDENTIAL that is related to the Technology At Issue (excluding non-technical information, such as financial or licensing information), or any material designated RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY is subject to a PROSECUTION AND ACQUISITION BAR. Absent written consent from the Producing Party, this PROSECUTION AND ACQUISITION BAR means that any person employed or retained by the Receiving Party in this action who has received the Designated Material described above shall not be Involved In The Acquisition of Patents or Patent Rights, or be Involved In The Prosecution Of Patents Or Patent Applications relating to the Technology At Issue from the time the affected individual first reviewed such Designated Material through and including one (1) year following the entry of a final, nonappealable judgment or order or the complete settlement of all claims and dismissal with or without prejudice in this action. These prohibitions are not intended to and shall not preclude counsel from participating in reexamination or *inter partes* proceedings on behalf of a Party opposing a petition that challenges the validity of any patent, but are intended, inter alia, to preclude counsel from directly or indirectly assisting in drafting, amending or proposing for substitution patent claims in any post-grant proceeding, including without limitation, reexamination, *inter partes* review, covered business method review, or reissue proceedings on behalf of a patentee.

### P.  Stipulations Or Additional Relief From The Court

The Parties may, by stipulation, provide for exceptions to this Protective Order. Nothing in this Protective Order shall be deemed to preclude any Party from seeking

and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of Material or relief from this Protective Order with respect to particular Designated Material.

**Q.   Return Of Designated Material**

Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all Parties in this action, each Receiving Party shall, at its option, either return to the Producing Party or destroy all physical objects and documents designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" by a Producing Party, and shall destroy in whatever form stored or reproduced, all other physical objects and documents, including but not limited to, correspondence, memoranda, notes, and other work product materials, which contain or refer to Designated Materials provided, that all Designated Materials not embodied in physical objects and documents, shall remain subject to this Order. Notwithstanding the foregoing, Outside Counsel shall be entitled to maintain one copy of all pleadings, motions, and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, exhibits offered or introduced into evidence at trial, and attorney work product, other than Source Code Material and Circuit Schematic Files  (unless contained in any of the above mentioned documents or pleadings). A representative of the Receiving Party shall certify under oath that it has complied with the terms of this Section within sixty (60) days of the conclusion of this action.

**R.   Injunctive Relief**

The aggrieved Party alleges that that breach of this Protective Order may result in immediate and irreparable injury for which there is no adequate remedy at law. If anyone violates or threatens to violate the terms of this Protective Order, the Parties

agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such violation or threatened violation.

### S.    Survival Of Order

The terms of this Protective Order shall survive the final termination of this action to the extent that any Designated Material is not or does not become known to the public.

### T.    Treatment Prior To Entry Of Protective Order

Each Party agrees to be bound by the terms of this Protective Order as of the date of the Parties' agreement to this Order, even if that date is prior to entry of the Order by the Court.

### U.    Protected Material Subpoenaed Or Ordered Produced In Other Litigation

If a Receiving Party is served with a subpoena or a Court Order that would compel disclosure of any Designated Material, the Receiving Party must so notify the Producing Party (and, if not the same person or entity, the Designating Party), in writing (by hand delivery, fax, or e-mail) promptly and in no event more than fourteen (14) days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue that some or all the material covered by the subpoena or order is subject to this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order to the entity or individual in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert those interested to the existence of this Stipulated Protective Order and to afford the Producing or Designating Party in this action an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material.

Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## V. Other Proceedings

By entering this Protective Order and limiting the disclosure of information in this action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who becomes subject to a motion to disclose another party's information designated pursuant to this Protective Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## W. Computation of Time

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Rule 6 of the Federal Rules of Civil Procedure.

## X. Filing Designated Material

Without written permission from the Producing Party or a Court order, a Receiving Party may not file in the public record in this action, any Designated Material. A Party seeking to file under seal any designated material must comply with L.R. 79-5.1. Filings may be made under seal only pursuant to a Court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, Parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the Producing Party will often be seeking to file Designated Material, cooperation between the Parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. Receiving party will undertake a good faith effort to minimize the amount of Designated Material. If a Receiving Party's request to file Designated Material under

seal pursuant to L.R. 79-5.1 is denied by the Court, then the Receiving Party may file the material in the public record unless (1) the Producing Party seeks reconsideration within four days of the denial, or (2) as otherwise instructed by the Court.

## Y.     Burden of Proof

Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply, except as specifically set forth herein.

## Z.     Discovery Rules Remain Unchanged

Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Central District of California, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Central District of California, or the Court's own orders.

//
//
//
//
//
//
//
//
//
//

**AA. Use at Trial**

(a) This Protective Order is intended to regulate the handling of Designated Material during the pretrial period of this litigation. This Protective Order shall remain in force and effect until modified, superseded or terminated on the record by agreement of the parties hereto, by order of this Court, or pursuant to Section II.P of this Protective Order.

(b) Nothing herein shall be construed to affect or limit in any way the admissibility of any document, testimony or other evidence at trial.

IT IS SO ORDERED.

Dated: <u>May 25, 2018</u>

_____
Honorable Karen E. Scott
United States District Court Judge

EXHIBIT A

Consent to be Bound by Protective Order

I, _____, state

The undersigned hereby acknowledges that he or she has received and read the

Protective Order entered in the United States District Court for the Central District of

California in connection with the above-captioned action, and understands its terms

and agrees to be bound by each of those terms. Specifically, and without limitation

upon such terms, the undersigned agrees not to use or disclose any confidential

information made available to him or her other than in accordance with said

Protective Order. The undersigned further submits to the jurisdiction of this Court for

purposes of enforcement of, or disputes relating to, said Protective Order. I state under

penalty of perjury that the foregoing is true and correct to the best of my knowledge,

information and belief.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Executed on _____        _____

                                                         Signature